IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RYAN P. MCDONNELL,** | CASE NO. 3:23 CV 500 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **A&I HEALTH SOLUTIONS, LLC, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Ryan P. McDonnell filed an Amended Complaint against Mosser Construction ("Mosser") and A&I Health Solutions, LLC ("A&I") asserting claims of negligent and intentional infliction of emotional distress, personal injury, toxic assault, and hostile work environment. (Doc. 4). Plaintiff's claims are based upon purported asbestos exposure during a construction project in Sandusky, Ohio. *See id.*

In lieu of an Answer, Mosser filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(1) asserting this Court lacks subject matter jurisdiction over the claims raised in the Complaint, and Rule 12(b)(6) asserting the Complaint fails to state a claim upon which relief may be granted. (Doc. 12). A&I has not filed an Answer or any other responsive pleading.

Plaintiff subsequently filed a Motion to Voluntarily Dismiss Complaint Without Prejudice. (Doc. 13).

For the reasons set forth below, the Court dismisses this action without prejudice.

#### STANDARD OF REVIEW

Federal Civil Rule 41(a) governs voluntary dismissals. Such dismissals are permitted in the following circumstances:

> (1) *By the Plaintiff.*
>
>> (A)*Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>
>>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>>
>> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

#### DISCUSSION

Upon review, the Court grants Plaintiff's motion for a voluntary dismissal without prejudice.

"In this circuit, a motion to dismiss does not constitute an answer or a motion for summary judgment within the meaning of Rule 41(a)(1)(A)." *Jackson v. Auto Club Servs., Inc.*, 2023 WL 158702, at *2 (E.D. Mich); *see also Aamot v. Kassel*, 1 F.3d 441, 44 (6th Cir. 1993); *McCord v. Bd. of Educ.*, 2018 WL 1724560, at *5 (6th Cir.) (district court lacked authority to opine on merits

of defendants' motion to dismiss because they had not filed an answer or motion for summary judgment prior to plaintiff's filing of a notice of voluntary dismissal).

Here, neither Defendant filed an answer or motion for summary judgment prior to Plaintiff's motion for voluntary dismissal. As such, construing Plaintiff's motion as a notice pursuant to Federal Civil Rule 41(a)(1)(A)(i), this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Voluntarily Dismiss Complaint Without Prejudice. (Doc. 13) be, and the same hereby is, GRANTED; this matter is dismissed WITHOUT PREJUDICE.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE